UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHANA R. PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-01128-DKL-WTL |
| MICHAEL J. ASTRUE Commissioner of | ) |
| the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Chana R. Pittman ("Pittman") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"),[1] denying Pittman's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") disability benefits. For the reasons set forth below, the Commissioner's decision is **AFFIRMED.**

### I.   BACKGROUND

#### A.   Procedural History

Pittman filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on October 29, 2009, alleging an onset of disability of May 15, 2008.  [Dkt. 14-2 at 24.]  Pittman's applications were denied initially on February 3, 2010, and upon reconsideration on April 26, 2010. *Id.*  Pittman requested a

---

[1] Carolyn W. Colvin became the Acting Commissioner of the SSA on February 14, 2013, while this case was pending.  Pursuant to Fed. R. Civ. P. 25(d), she is substituted for the former Commissioner Michael J. Astrue.

hearing, which was held via videoconference on May 5, 2011, before Administrative Law Judge Julia D. Gibbs ("ALJ").  Pittman appeared in Indianapolis, Indiana and the ALJ presided from Falls Church, Virginia.  The ALJ denied Pittman's application on May 13, 2011.  [Dkt. 14-2 at 21.]  The Appeals Council denied Pittman's request for review of the ALJ's decision on July 19, 2012, making the ALJ's decision final for purposes of judicial review.  Pittman filed his Complaint with this Court on August 15, 2012.  [Dkt. 1.]

### B.  Factual Background and Medical History

Pittman was born on May 26, 1976 and was 31 years old at the time of the alleged onset of disability.  In her application for disability, Pittman alleged the following impairments:  obesity, obstructive sleep apnea, diabetes, personality disorder, bipolar disorder, depression and substance abuse disorder.  She has past relevant work as a cashier, laborer in a warehouse and youth manager.

On February 22, 2007, Pittman sought treatment for depression from a Wishard Hospital health clinic.  [Dkt. 14-7 at 53.]  She complained of weight gain and fatigue and expressed concern that she had ADHD and was suffering from depression.  Pittman was diagnosed with depression and prescribed Wellbutrin.  There is no significant, relevant treatment again until August, 2009, when she again sought treatment at Wishard for depression.  Pittman reported that she was primarily concerned about diabetes and breathing issues.  [Dkt. 14-7 at 43.]

On November 18, 2009, Pittman underwent an initial psychological assessment with Mary Liz Freund, LCSW.  Pittman was diagnosed with mild, recurrent depression

2

and therapy was recommended. [Dkt. 14-7 at 112-13.] On December 3, 2009, Pittman had a therapy session with Gregory Lorenz, LCSW. Plaintiff reported that her lawyer and others believed she was depressed, though she did not see herself that way. On December 23, 2009, Pittman reported to Lorenz that she noticed a significant difference in her anger with her current medication. Following her January 29, 2010, session Pittman reported that she no longer felt the urge to do her compulsive behaviors. Lorenz also noted after this session that Pittman smelled of alcohol. [Dkt. 14-7 at 101.]

On January 20, 2010, Pittman underwent a consultative psychological evaluation with Suzanne Leiphart, PhD. Pittman reported that she is calmer and gets along better with others since starting counseling and medication. [Dkt. 14-7 at 73.] In May 2010, Pittman reported that she felt well when she was taking her medication. In August 2010, however, Pittman reported having stopped taking all of her medications. She remained non-compliant with her medications until April 2011, when she claimed she was taking the medications but they were not working.

Pittman underwent two state agency psychological assessments that concluded she had severe impairments, but they did not prevent her from working. Stacia Hill, PhD., noted that Pittman could understand, remember and carry-out simple tasks, can relate with co-workers on a superficial basis and can manage the stress of simple work.

## II.   LEGAL STANDARDS

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

>Step One: Is the claimant currently employed;
>
>Step Two: Does the claimant have a severe impairment or combination of impairments;
>
>Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>
>Step Four: Can the claimant perform his past relevant work; and
>
>Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c) (2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may be reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O=Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## III. DISCUSSION

Pittman claims the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Pittman contends the ALJ erred when she: (1) determined Pittman's combined mental impairments did not meet the criteria for Listing 12.04; (2) failed to summon a medical advisor to determine whether Pittman's

5

combined mental impairments medically equaled a Listing; (3) negatively assessed Pittman's credibility; and (4) failed to account for all of Pittman's impairments at Step Five.

### A. Listing 12.04 (Affective Disorders)

Pittman first argues the ALJ's denial decision was in error because "substantial psychological treatment and examination evidence" established her combined mental impairments met or medically equaled Listing 12.04. Specifically, Pittman asserts that the ALJ erroneously failed to give controlling weight to her treating physician's opinion that she could not sustain employment. There is no argument associated with this assertion. Moreover, Pittman does not cite to a record – nor could the Court find a record – showing that any physician concluded she was unable to work. There appears to be absolutely no basis for this assertion, therefore no further analysis from the Court is required.

Pittman next argues the ALJ either ignored or only selectively considered several piece of evidence she believes prove she is disabled. For example, Pittman asserts the ALJ ignored Pittman's February 22, 2007 treatment for depression at Wishard and only "selectively considered" the November 18, 2009 initial psychological evaluation at BehaviorCorp. [Dkt. 17 at 15.]  Pittman then extensively quotes her self-reported symptoms from the medical records and concludes the evidence proves her disability.

The Court is not persuaded by Pittman's conclusory allegations. This section of Pittman's brief is nothing more than a recitation of medical evidence without tying the supposed omissions to the disability determination. In addition, both of these

6

treatments, and many of the others noted by Pittman, actually are referenced by the ALJ in her opinion.  The ALJ is not required to examine every piece of evidence in the record in her decision.  *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).  The decision must be supported by substantial evidence, and the ALJ must provide a 'logical bridge' between the evidence and her conclusions. *Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir.2009).  The Court finds the ALJ has done so and remand is not required.

      B.    **Medical Advisor**

Pittman next asserts the ALJ was required to summon a medical advisor to testify as to whether her mental impairments met Listing 12.04.  She further argues that the ALJ should not have relied upon the opinions of the state agency physicians to the exclusion of other evidence.  The Court disagrees with both of Pittman's assertions.

An ALJ is not required to elicit testimony from a medical expert in every case.  The ALJ has the duty to develop a full and fair record, which may involve consulting a medical advisor in situations involving incomplete medical histories.  *Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 513 (7th Cir. 1999).  However, the ALJ in this case had an extensive medical history before her.  With sufficient information to make a disability determination, the ALJ was not required to seek testimony from a medical expert.

Pittman next asserts that had the ALJ considered evidence outside the state agency physician's reviews, she would have determined Pittman to be disabled.  The Court is likewise not persuaded by this speculative argument.  State agency physicians are "highly qualified physicians" who also are experts in Social Security disability

evaluation. 20 C.F.R. § 416.927(f)(2)(i). Expanding on this regulation, the court in *Barnett v. Barnhart* determined that "[l]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." 381 F.3d 664, 670 (7th Cir. 2004). Therefore, an opinion by a state agency physician fulfills the requirement for an expert medical opinion. The Court finds that the record substantially supports the ALJ's determination that Pittman did not meet or medically equal Listing 12.04.

### C. Pittman's Credibility

Pittman also contends the ALJ's negative credibility determination must be reversed because it is contrary to SSR 96-7p. The Court disagrees. In assessing a claimant's credibility when the allegedly disabling symptoms, such as pain, are not objectively verifiable, an ALJ must first determine whether those symptoms are supported by medical evidence. *See* SSR 96–7p, 1996 WL 374186, at *2; *Arnold v. Barnhart,* 473 F.3d 816, 822 (7th Cir. 2007). If not, SSR 96–7p requires the ALJ to "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Simila v. Astrue,* 573 F.3d 503, 517 (7th Cir. 2009) (quoting SSR 96–7p). The ALJ "should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila,* 573 F.3d at 517 (quoting 20 C.F.R. § 404.1529(c) (2)-(4)). An ALJ's

8

credibility determination may be overturned only if it is "patently wrong." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

Pittman asserts the ALJ erroneously rejected her treating psychiatrist's diagnosis of Bipolar disorder that Pittman alleges proves she is totally disabled. Yet she cites to no medical record, nor can the Court find a medical record, that concludes Pittman is unable to work. The ALJ noted the same: "[G]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by treating clinicians. Yet a review of the record in this case reveals none." [Dkt. 14-2 at 29.] In other words, despite fairly consistent treatment for mental health issues, there is no evidence that Pittman's impairments restricted her ability to work. Without such evidence, the Court cannot conclude the ALJ was "patently wrong" in denying credibility to Pittman's account of her disabling symptoms.

In addition, contrary to Pittman's assertion, the use of boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if she otherwise points to information that justifies her credibility determination. *Pepper*, 712 F.3d at 367-68 (7th Cir. 2013). Here the ALJ noted that the state agency psychiatric consultants concluded Pittman's mental impairments did not preclude her from working, and this conclusion was supported by the medical record as a whole. Therefore, Pittman's testimony that her depression symptoms prohibited her from maintaining a job is inconsistent with the medical record. Based upon the analysis by the ALJ, the Court

9

finds that her determination to not credit Pittman's testimony of total disability is supported by substantial evidence.

### D. Step Five and RFC

Pittman's final argument for the reversal of the ALJ's decision challenges the hypothetical question the ALJ posed to the Vocational Expert ("VE"). Specifically, Pittman asserts that the hypothetical failed to account for "the many areas of Marked impairment that rendered the claimant totally disabled." [Dkt. 17 at 31.] Pittman further asserts that the ALJ failed to consider the testimony of the VE that "when all of the claimant's impairments were considered there would be no jobs she could sustain." *Id.* at 32. Pittman's argument on this point fails to put the VE's testimony into proper context. At the hearing, Pittman's counsel asked the VE if a person with a lengthy list of alleged impairments including severe anger management issues and physical restrictions could maintain competitive employment. The list of impairments recited by Pittman's counsel, however, are wholly inconsistent with the medical record.

Hypothetical questions posed to vocational experts ordinarily must include all limitations supported by medical evidence in the record. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). However, the ALJ is required only to incorporate into her hypotheticals those impairments and limitations that she accepts as credible. *Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009). The ALJ clearly stated that she did not find Pittman's symptoms to be as severe as Pittman's testimony – and the hypothetical posed by her counsel – implied. As discussed above, the Court finds the ALJ was justified in discounting Pittman's credibility and therefore she was not required to

include those limitations in her hypothetical. The ALJ's hypothetical accurately reflected Pittman's RFC and does not require remand.

## IV.     CONCLUSION

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Pittman does not qualify for disability benefits, the Commissioner's decision is **AFFIRMED**.

Date: 09/20/2013

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov